UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles W. Penland Sr., #12904-171, | C/A No. 7:08-3104-HMH-WMC |
| Plaintiff, | **Report and Recommendation** |
| vs. | |
| The Honorable Judge Couch;<br>Larry W. Propes, Clerk of Court - Columbia;<br>Kenneth Reinstaff, Clerk of Court for Spartanburg County South Carolina;<br>The State of South Carolina, et al., | |
| Defendants. | |

## Factual Background

The *pro se* plaintiff, Charles W. Penland, Sr., a federal inmate currently incarcerated in the Spartanburg County Detention Center, is serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC).[1] In this lawsuit, the plaintiff is attacking Judge Couch's action in a state civil case, 04-CP-42-2552, wherein the state judge allegedly added Charles Penland as a defendant and judgment was entered against him for $60,000. The plaintiff alleges that the said state civil action was against Penco, Inc., and that he appeared to testify in that case as an "expert witness" but that Judge Couch "wrongfully placed Penland as a defendant in the middle of a sitting jury trial." The plaintiff alleges that defendant Couch's actions in the state civil case violated his constitutional and due process rights.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The plaintiff further alleges that he has attempted to file appeals in the state court and a writ of mandamus against Judge Couch but that defendant Reinstaff has wrongfully prevented him from filing documents with the court. The plaintiff claims "he is blocked by the clerks and Judge Couch from the courts." (Complaint at 5.) Specifically, the plaintiff alleges that "instead of the [writ of mandamus against Judge Couch] mandamus being filed - the clerk- hand carried said motion to Judge Couch - personally Penland received a letter from Judge Couch saying mandamus - <u>denied</u>." *Id.* The plaintiff appears to claim that defendant Reinstaff is the Clerk of Court for Spartanburg County.[2] (Complaint at 3.)

The plaintiff requests that this court enter an order to "reverse Judge Couch's order to add Penland as a defendant in case 04-CP-42-2552, and to release him from all liability in this case." He seeks to have the $60,000 judgment removed against him (which appears to be the basis of a lien placed against the plaintiff in Spartanburg County). The plaintiff paid the full three hundred fifty ($350) filing fee in this case.

### *Pro Se* Prisoner Review – Filing Fee Paid

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70

---

[2] The Spartanburg County web site reveals that Marcus N. Kitchens is the Clerk of Court. Perhaps defendant Reinstaff is a deputy clerk. Assuming the facts as pled by the plaintiff to be true, Reinstaff is the Clerk of Court.

(4th Cir. 1983). Notwithstanding that the prisoner Charles W. Penland, Sr. paid the full filing fee, his claims, which are against officers or employees of governmental entities and a governmental entity, are subject to review pursuant to the procedural provisions of 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The plaintiff's complaint is also subject to review pursuant to the inherent authority of this Court.[3]  *E.g., Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307 (1989) (mentioning in *dicta* that "[s]tatutory provision may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious" action, but there is little

---

[3] Some courts have found that a *pro se* prisoner complaint may be reviewed pursuant to § 1915(e)(2) even though the prisoner did not seek to proceed *in forma pauperis* and paid the full filing fee. *E.g., In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee). However, in *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order), Judge Norton found that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case. This court need not decide whether initial review pursuant to 28 U.S.C. § 1915(e)(2) should be applied to this case.

3

doubt they would have power to do so even in the absence of this statutory provision."); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  See *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

**I. Immunity**

This action should be summarily dismissed because each named defendant is subject to immunity. First, Judge Couch is alleged to be a South Carolina circuit judge.[4] Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Couch should be dismissed because he allegedly added the plaintiff as a party to a pending state civil case in his court; the nature of that act was a judicial act that Couch accomplished in his judicial capacity.

---

[4] It appears from the South Carolina Judicial Department website that Judge Couch is a South Carolina circuit court judge for the Seventh Circuit which includes Spartanburg County.

5

The alleged Clerk of Court for Spartanburg County, Kenneth Reinstaff, and the Clerk of the United States District Court for the District of South Carolina, Larry Propes,[5] are also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). "The clerks of court are also entitled to immunity the same as judges when performing their duties." *Zimmerman v. Spears*, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973). Defendant Reinstaff's alleged action of hand-carrying a writ of mandamus to Judge Couch was an action within a clerk's job responsibilities of handling motions and communicating with judges. Therefore, Reinstaff has immunity from suit. The doctrine of absolute judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, ... and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992).

The defendant "the State of South Carolina, et al." should be dismissed based upon Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh

---

[5] Additionally, defendant Propes should be dismissed for failure to state a claim upon which relief may be granted and frivolousness. The plaintiff alleges no facts or legal claims that include any reference to this defendant.

Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989).  *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).  Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court.  *Id.*  The State of South Carolina has not consented to suit in a federal court.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

## II.  *Rooker-Feldman* Doctrine

"The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'"  *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007).  Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it.  *Id.*  Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower

7

courts when abstention is permissible. *Id.* Where a plaintiff seeks review and reversal of a state court judgment in a federal district court, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In this case, the plaintiff specifically alleges that the court order entered by Judge Couch is causing him injury, and he requests this court to overrule Judge Couch's decision. Therefore, the entire action should be dismissed pursuant to the *Rooker-Feldman* doctrine.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/William M. Catoe
United States Magistrate Judge

October 10, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).